U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 4 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRINTON HOCKENBERRY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1915-G |
| | § | |
| DUKES ORIGINAL ROADHOUSE | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This *pro se* civil action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Brinton Hockenberry, a citizen of Pennsylvania, against a commercial restaurant in Bedford, Texas. On October 9, 2009, plaintiff tendered a two-page complaint to the district clerk. However, he did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. The court notified plaintiff of this deficiency on October 15, 2009. Plaintiff was ordered to either pay the filing fee or seek leave to proceed *in forma pauperis* within 20 days, or his complaint would be dismissed. *See* Order, 10/15/09. No corrective action was taken in response to that order. On November 17, 2009, the court again ordered plaintiff to correct this deficiency within 20 days, and reminded him that the failure to do so "may result in the imposition of sanctions, including dismissal of this action for want of prosecution." *See* Order, 11/17/09. To date, plaintiff has not paid the statutory filing fee or sought leave to proceed *in forma pauperis*. The

court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has not paid the statutory filing fee or sought leave to proceed *in forma pauperis*. Until he does so, this litigation cannot proceed. Plaintiff was twice notified of this deficiency and warned that the failure to pay the filing fee or seek leave to proceed *in forma pauperis* would result in the dismissal of his case. Both orders have been ignored. Under these circumstances, dismissal is clearly warranted. *See Montfort v. State Bar of Texas*, No. 3-08-CV-0514-G, 2008 WL 2389809 at *1 (N.D. Tex. Jun. 11, 2008) (dismissing *pro se* civil action without prejudice where plaintiff failed to comply with two court orders requiring him to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*).

## **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE